<div style="text-align:center; writing-mode: vertical;">SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220</div>

1  ROBERT C. SCHUBERT (S.B.N. 62684)
rschubert@sjk.law
2  WILLEM F. JONCKHEER (S.B.N. 178748)
wjonckheer@sjk.law
3  **SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
4  San Francisco, California 94111
Telephone:      (415) 788-4220
5  Facsimile:      (415) 788-0161

RYAN M. KELLY (*pro hac vice to be submitted*)
rkelly@andersonwanca.com
**ANDERSON & WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois 60008
Telephone:  (847) 368-1500
Facsimile:   (847) 368-1501

6  *Local Counsel for Plaintiff*

*Counsel for Plaintiff*

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10  Sarbjit Dhesi, DC, QME, ACTAR, a California
resident, individually and as the representative of
11  a class of similarly-situated persons,

Case No.

**CLASS ACTION COMPLAINT**

12                    Plaintiff,

13        v.

14  Avella Patient Access Program, Inc., Avella of
Austin, Inc., Avella of Columbus, Inc., Avella of
Deer Valley, Inc., Avella of Denver, Inc., Avella
15  of Gilbert, Inc., Avella of Las Vegas II, Inc.,
Avella of Orlando, Inc., Avella of Phoenix III,
16  Inc., Avella of Scottsdale, Inc., Avella of St.
Louis, Inc., Avella of Tucson, Inc., Avella of
17  Tucson II, Inc.,

18                    Arizona corporations;

19  BriovaRx Specialty, LLC, BriovaRx Infusion
Services 102, LLC, BriovaRx Infusion Services
20  103, LLC BriovaRx Infusion Services 305, LLC,

21                    Delaware limited liability
companies;
22
BriovaRx of Florida, Inc., BriovaRx Infusion
23  Services, Inc., Click Commerce SPO, Inc. f/k/a
Xelus Acquisition, Inc. f/k/a Opt Holding Inc.
24  f/k/a Optum, Inc.,

25                    Delaware corporations; and

26  OptumRx Administrative Services, LLC, a Texas
limited liability company,
27
                    Defendants.
28

CLASS ACTION COMPLAINT

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

### CLASS ACTION COMPLAINT

Plaintiff Sarbjit Dhesi, DC, QME, ACTAR ("Plaintiff"), brings this action on behalf of himself and all others similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants Avella Patient Access Program, Inc., Avella of Austin, Inc., Avella of Columbus, Inc., Avella of Deer Valley, Inc., Avella of Denver, Inc., Avella of Gilbert, Inc., Avella of Las Vegas II, Inc., Avella of Orlando, Inc., Avella of Phoenix III, Inc., Avella of Scottsdale, Inc., Avella of St. Louis, Inc., Avella of Tucson, Inc., Avella of Tucson II, Inc., BriovaRx Specialty, LLC, BriovaRx Infusion Services 102, LLC, BriovaRx Infusion Services 103, LLC, BriovaRx Infusion Services 305, LLC, BriovaRx of Florida, Inc., BriovaRx Infusion Services, Inc., Click Commerce SPO, Inc. f/k/a Xelus Acquisition, Inc. f/k/a Opt Holding Inc. f/k/a Optum, Inc., and OptumRx Administrative Services, LLC, (collectively "Defendants"):

### PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending "unsolicited advertisements" by facsimile.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation.   Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of an unsolicited advertisement on or about August 22, 2018 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A and made a part hereof.  The Fax promotes the services and goods of Defendants.  Plaintiff is informed and believes, and upon such information and belief avers, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

3.     Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the JFPA.

5.     Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner.  This action is based on the same legal theory, namely liability under the JFPA.  This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.     Venue is proper in this District because Defendants committed a statutory tort within this District and a significant portion of the events took place within this District.

8.     Intradistrict Assignment:  Pursuant to Civil L.R. 3-2(c) and 3-5(b), assignment to the San Francisco and Oakland Division of the Northern District of California (the "Division") is proper, because a substantial part of the events or omissions which give rise to the claims occurred in this Division.  Defendants promote, market, and sell products and/or services in this Division, and advertise in this Division.  Further, Plaintiff's business office is located in Contra Costa County and within this Division.

---

CLASS ACTION COMPLAINT                                                                     3

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## PARTIES

9.      Plaintiff, Sarbjit Dhesi, DC, QME, ACTAR, is a California resident whose business office is located within this judicial district.

10.      On information and belief, Defendants Avella Patient Access Program, Inc., Avella of Austin, Inc., Avella of Columbus, Inc., Avella of Deer Valley, Inc., Avella of Denver, Inc., Avella of Gilbert, Inc., Avella of Las Vegas II, Inc., Avella of Orlando, Inc., Avella of Phoenix III, Inc., Avella of Scottsdale, Inc., Avella of St. Louis, Inc., Avella of Tucson, Inc., and Avella of Tucson II, Inc. ("collectively "Avella Defendants") are Arizona corporations.

11.      On information and belief, the Avella Defendants are commonly owned with the same officers and directors.

12.      On information and belief, the Avella Defendants all operate under the name Avella Specialty Pharmacy, and the property, goods, and services described in the fax attached as Exhibit A are offered by all of the Avella Defendants.

13.      On information and belief, Defendant, OptumRx Administrative Services, LLC is a Texas limited liability company with its principal place of business in Minnetonka, Minnesota. BriovaRx is a registered service mark of OptumRx Administrative Services, LLC and Click Commerce SPO, Inc.

14.      On information and belief, Defendants BriovaRx Specialty, LLC, BriovaRx Infusion Services 102, LLC, BriovaRx Infusion Services 103, LLC and BriovaRx Infusion Services 305, LLC are Delaware limited liability companies.

15.      On information and belief, Defendants BriovaRx of Florida, Inc., BriovaRx Infusion Services, Inc., and Click Commerce SPO, Inc. f/k/a Xelus Acquisition, Inc. f/k/a Opt Holding Inc. f/k/a Optum, Inc. are Delaware corporations.

## FACTS

16.      On or about August 22, 2018, Defendants sent an unsolicited facsimile to Plaintiff using a telephone facsimile machine, computer, or other device.  A copy of the facsimile is attached hereto as Exhibit A (the "Fax").

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

17.     On information and belief, Defendants receive some or all of the revenues from the sale of the products, goods, and services advertised on the unsolicited faxes (Exhibit A), and Defendants profit and benefit from the sale of the products, goods, and services advertised on the unsolicited faxes.

18.     Plaintiff did not give Defendants "prior express invitation or permission" to send the Fax.

19.     On information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiff and more than 25 other recipients.

20.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

21.     Defendants' facsimiles do not display the necessary opt-out notice as required by 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

22.     In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain "prior express invitation or permission" to send fax advertisements, and (4) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Class are the Defendants, their affiliates, employees, agents and members of the Judiciary, and any person who has currently filed an action seeking compensation for TCPA violations.  Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

23.     Class Size (Fed. R. Civ. P. 23(a)(1)):  Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Class is numerous and joinder of all members is impracticable.  Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

24.     <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>:   Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a)     Whether the Defendants sent unsolicited fax advertisements;

(b)     Whether Defendants' faxes sent to other persons, not the Plaintiff, constitute advertisements;

(c)     Whether the Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

(d)     The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A, other unsolicited faxed advertisements or other advertisements without the required opt-out language;

(e)     Whether the Defendants faxed advertisements without first obtaining the recipient's prior express invitation or permission;

(f)     Whether the Defendants sent the faxed advertisements knowingly;

(g)     Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(h)     Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(i)     Whether the Defendants should be enjoined from faxing advertisements in the future;

(j)     Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(k)     Whether the Court should award treble damages.

25.     <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>:   Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar faxes as the faxes sent by or on behalf of the Defendants advertising products, goods, and services of the Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members

based upon the same federal statute. Defendants have acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

26.   <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>:   Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

27.   <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>:   Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)   Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)   Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

(c)   Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)   The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proof; and

(e)   This case is inherently manageable as a class action in that:

(i)   The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)   Liability and damages can be established for Plaintiff and the class with the same common proof;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

(iii)    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

(v)    A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I

### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.*

28.    The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

29.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

30.    **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in section (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

A.    a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

B.    a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

C.     a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

D.     The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from section (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from section (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In re Rules & Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in section (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via section (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses giving them the right, and means, to stop unwanted fax advertisements.

31.    **2006 FCC Report and Order.** The JFPA, in section (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.     The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under section (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

B.     The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

section (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

C.     The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under section (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements cannot claim the exemption from liability contained in section (b)(1)(C) of the Act.

32.     **The Fax.** Defendants sent the advertisement on or about August 22, 2018, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Class. The Fax constituted an advertisement under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express invitation or permission and Defendants are precluded from asserting that Defendants had an established business relationship with Plaintiff and other members of the class because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class.  Plaintiff seeks to certify a class which includes this fax and all others sent during the four years prior to the filing of this case through the present.

33.     **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Class Action Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Class other faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express invitation or permission and without

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

complying with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants may be continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

34.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Class to redress Defendants' violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

35.     The JFPA is a strict liability statute, so the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

36.     Defendants knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' products, goods or services; (b) Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted advertisements; (d) the Faxes did not contain the required Opt-Out Notice.

37.     The Defendants' actions injured Plaintiff and the other class members. Receiving the Defendants' junk faxes caused Plaintiff and the other recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes occupied Plaintiff's and the other class members' telephone lines and fax machines. The Defendants' faxes cost Plaintiff and the other class members time, as Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on Plaintiff's and the other class members' business or personal activities. The Defendants' faxes unlawfully interrupted Plaintiff's and other class members' privacy interests in being left alone.

WHEREFORE, Plaintiff Sarbjit Dhesi, DC, QME, ACTAR, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants Avella Patient Access Program, Inc., Avella of Austin, Inc., Avella of Columbus, Inc., Avella of Deer Valley, Inc., Avella of Denver, Inc., Avella of Gilbert, Inc., Avella of Las Vegas II, Inc., Avella of Orlando,

Inc., Avella of Phoenix III, Inc., Avella of Scottsdale, Inc., Avella of St. Louis, Inc., Avella of Tucson, Inc., Avella of Tucson II, Inc., BriovaRx Specialty, LLC, BriovaRx Infusion Services 102, LLC, BriovaRx 103, LLC, BriovaRx 305, LLC, BriovaRx of Florida, Inc., BriovaRx Infusion Services, Inc., Click Commerce SPO, Inc. f/k/a Xelus Acquisition, Inc. f/k/a Opt Holding Inc. f/k/a Optum, Inc., and OptumRx Administrative Services, LLC, jointly and severally, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C.      That the Court enjoin the Defendants from additional violations; and

D.      That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

Dated: October 23, 2018

By: */s/ Willem F. Jonckheer*
ROBERT C. SCHUBERT (S.B.N. 62684)
rschubert@sjk.law
WILLEM F. JONCKHEER (S.B.N. 178748)
wjonckheer@sjk.law
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:      (415) 788-4220
Fax:              (415) 788-0161

*Local Counsel for Plaintiff*

RYAN M. KELLY (*pro hac vice to be submitted*)
rkelly@andersonwanca.com
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois 60008
Telephone:      (847) 368-1500
Fax:              (847) 368-1501

*Counsel for Plaintiff*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**EXHIBIT A**

 

# Avella Specialty Pharmacy joins the BriovaRx family of pharmacies

We are pleased to announce that Avella™ is now part of the BriovaRx® pharmacy family. BriovaRx and Avella are both leading specialty pharmacy services companies dedicated to helping administer and deliver high-quality, cost-effective specialty pharmacy care.

You've entrusted your patients to us, and we appreciate the responsibility that comes with that trust. Now we will be able to expand our industry-leading technology and clinical resources — and that's good news.

We are committed to offering services that help patients and clients alike. This partnership will allow us to:

• Better serve the needs of our most vulnerable patients

• Improve health outcomes while reducing overall health care costs

• Offer expanded services including infusion, compounding, and 503A and 503B solutions

Our success is based on a very personalized approach to service and support. That won't change. For the foreseeable future, we will continue to operate both companies as we do today, under their existing names. **There are no current plans to change any of the people you work with, your patients' prescription fulfillment process or the clinical support model we employ on a daily basis.**

We look forward to talking more with you about how this partnership will benefit you and your patients.

**To learn more, contact your Avella or BriovaRx account manager.**

BriovaRx is a registered service mark of OptumRx Administrative Services, LLC, an Optum company. All other trademarks are the property of their respective owners.
© 2018 Optum, Inc. All rights reserved. BRX772229-BW_180730 ueXjtpe3vU

To opt out from future faxes go to www.removemyfaxnumber.com and enter PIN# 16779, or call 800-321-4433. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.