| | |
|---|---|
| ROBERT C. SCHUBERT (S.B.N. 62684)<br>rschubert@sjk.law<br>WILLEM F. JONCKHEER (S.B.N. 178748)<br>wjonckheer@sjk.law<br>**SCHUBERT JONCKHEER & KOLBE LLP**<br>Three Embarcadero Center, Suite 1650<br>San Francisco, California 94111<br>Telephone:   (415) 788-4220<br>Facsimile:    (415) 788-0161 | RYAN M. KELLY (*pro hac vice admitted*)<br>rkelly@andersonwanca.com<br>**ANDERSON & WANCA**<br>3701 Algonquin Road, Suite 500<br>Rolling Meadows, Illinois 60008<br>Telephone:   (847) 368-1500<br>Facsimile:    (847) 368-1501 |
| *Local Counsel for Plaintiff* | *Counsel for Plaintiff* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarbjit Dhesi, DC, QME, ACTAR, a California resident, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>    v.<br><br>Optum, Inc., OptumRx Administrative Services, LLC, Avella of Deer Valley, Inc., BriovaRx Specialty, LLC, and BriovaRx Infusion Services, Inc.,<br><br>    Defendants. | Case No. 3:18-cv-06476-JD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## **FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Sarbjit Dhesi, DC, QME, ACTAR ("Plaintiff"), brings this action on behalf of himself and all others similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants Optum, Inc., OptumRx Administrative Services, LLC, Avella of Deer Valley, Inc., BriovaRx Specialty, LLC, and BriovaRx Infusion Services, Inc., (collectively "Defendants"):

## **PRELIMINARY STATEMENT**

1. This case challenges Defendants' practice of sending "unsolicited advertisements" by facsimile.

---
FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

2. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 (collectively, "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation. Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the TCPA, including, but not limited to, the facsimile transmission of an unsolicited advertisement on or about August 22, 2018 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A and made a part hereof.  The Fax describes the commercial availability or quality of Defendants' property, goods or services, namely, Defendants' specialty pharmacy services and Defendants' infusion services, and further states that "Avella Specialty Pharmacy joins the BriovaRX family of pharmacies." (Ex. A). Plaintiff alleges on information and belief that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the TCPA, including but not limited to those advertisements sent to Plaintiff.

3. Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA. Plaintiff seeks to certify a class including faxes sent to Plaintiff and other advertisements sent without proper opt-out language (thereby precluding the affirmative defense of established business relationship (EBR)), or without prior express invitation or permission.

5. Plaintiff is informed and believes, and upon such information and belief avers, that

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

2

this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue is proper in this District because Defendants committed a statutory tort within this District and a significant portion of the events took place within this District.

8. Intradistrict Assignment: Pursuant to Civil L.R. 3-2(c) and 3-5(b), assignment to the San Francisco and Oakland Division of the Northern District of California (the "Division") is proper, because a substantial part of the events or omissions which give rise to the claims occurred in this Division. Defendants promote, market, and sell products and/or services in this Division, and advertise in this Division. Further, Plaintiff's business office is located in Contra Costa County and within this Division.

## PARTIES

9. Plaintiff, Sarbjit Dhesi, DC, QME, ACTAR, is a California resident whose business office is located at 1081 Market Place, Suite 100, San Ramon, California, which is within this judicial district. Dr. Dhesi is a licensed Doctor of chiropractic, qualified medical examiner, and a certified accident reconstructionist from the Accreditation Commission for Traffic Reconstruction.

10. On information and belief, Defendant Optum, Inc. ("Optum") is a Delaware corporation.

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

3

11. On information and belief, Defendant, OptumRx Administrative Services ("Optum RX Administrative"), LLC is a Texas limited liability company.

12. On information and belief, Defendant Avella of Deer Valley, Inc. ("ADV") is an Arizona corporation.

13. On information and belief, Defendant BriovaRX Specialty, LLC ("BriovaRx Specialty") is a Delaware limited liability company.

14. On information and belief, Defendant BriovaRx Infusion Services, Inc. ("BriovaRX Infusion") is a Delaware corporation.

15. On information and belief, Optum owns (directly or indirectly) Optum RX Administrative, ADV, BriovaRX Specialty, and BriovaRX Infusion.

16. On information and belief, OptumRX Administrative owns BriovaRX Specialty.

## FACTS

17. The Fax, which was not "addressed" to anyone, *see* Ex. A, was sent by Defendants to Plaintiff's fax number on August 22, 2018. The Fax lists the names/logos of Avella and BriovaRx at the top in large bold-faced letters, states in boldfaced letters that "Avella Specialty Pharmacy joins the BriovaRx family of pharmacies," and provides the following:

> We are pleased to announce that Avella™ is now part of the BriovaRx® pharmacy family. BriovaRx and Avella are both leading specialty pharmacy services companies dedicated to helping administer and deliver high-quality, cost-effective specialty pharmacy care.
>
> You've entrusted your patients to us and we appreciate the responsibility that comes with that trust. Now we will be able to expand our industry-leading technology and clinical resources and that's the good news.
>
> We are committed to offering services that help patients and clients alike. This partnership will allow us to:
>
> - Better serve the needs of our most vulnerable patients
> - Improve health outcomes while reducing overall health care costs
> - Offer expanded services including infusion, compounding, and 503A and 503B solutions

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

4

> Our success is based on a very personalized approach to service and support. That won't change. For the foreseeable future, we will continue to operate both companies as we do today, under their existing names. **There are no current plans to change any of the people you work with, your patients' prescription fulfillment process or the clinical support model we employ on a daily basis.**
>
> We look forward to talking more with you about how this partnership will benefit you and your patients.
>
> **To learn more, contact your Avella or BriovaRx account manager.**

(Ex. A) (emphasis in original).

18. The bottom of the Fax states that "BriovaRX is a registered service mark of OptumRX Administrative Services, LLC, and Optum company." (Ex. A). The bottom of the Fax also contains the following: "To opt out from future faxes go to www.removemyfaxnumber.com and enter PIN# 16779, or call 800-321-4433. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful." (Ex. A).

19. The Fax advertises the commercial availability and quality of Defendants' specialty pharmacy and infusion services, including compounding and 503A and 503B solutions.

20. The Federal Communication Commission ("FCC") regulations implementing the TCPA define the term "sender" as follows: "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10). The term sender is disjunctive—a fax can be sent on the advertiser's behalf, <u>or</u> the fax can advertise or promote a defendant's goods or services, or both.

21. Defendants ADV, BriovaRX Specialty and BriovaRX Infusion are each "senders" of the Fax because the Fax advertises the commercial availability and quality of their goods and services, namely their specialty pharmacy goods and services and their infusion goods and services. On information and belief, these Defendants receive some or all of the revenues from

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

5

the sale of the products, goods, and services advertised on the unsolicited faxes (Exhibit A), and Defendants profit and benefit from the sale of the products, goods, and services advertised on the unsolicited faxes.

22. Defendants Optum and Optum RX Administrative are also "senders" because the Fax advertises the availability and quality of their property, goods and services—specialty pharmacy goods and services and infusion goods and services. On information and belief, these Defendants also receive some or all of the revenues from the sale of the products, goods, and services advertised on the unsolicited faxes (Exhibit A), and Defendants profit and benefit from the sale of the products, goods, and services advertised on the unsolicited faxes.

23. Plaintiff did not give Defendants "prior express invitation or permission" to send the Fax. Plaintiff has no knowledge as to why the Fax was sent to Plaintiff's fax machine.

24. Plaintiff did not have an "established business relationship" with Defendants. Plaintiff has never had an account manager for Avella Specialty Pharmacy or BriovaRX as indicated on the Fax. Plaintiff is not—nor has it ever been—a customer or client of these companies.

25. Plaintiff had no interest in learning that Avella is now part of the BriovaRx pharmacy, and no interest in talking with Defendants about how this partnership will benefit Plaintiff's patients.

26. On information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiff and more than 25 other recipients.

27. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

28. Defendants' opt-out notice does not comply with the requirements set forth in 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

29. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

6

pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain "prior express invitation or permission" to send fax advertisements, and/or (4) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Class are the Defendants, their affiliates, employees, agents and members of the Judiciary, and any person who has currently filed an action seeking compensation for TCPA violations. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

30. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

31. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a) Whether the Defendants sent unsolicited fax advertisements;

(b) Whether the Defendants are "senders" of the Fax as that term is defined in 47 C.F.R. § 64.1200(f)(10);

(c) Whether the Defendants' faxes advertised the commercial availability or quality of Defendants' property, goods, or services;

(d) The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A, other unsolicited faxed advertisements or other advertisements without the required opt-out language;

(e) Whether the Defendants faxed advertisements without first obtaining the recipient's prior express invitation or permission;

(f) Whether the Defendants sent the faxed advertisements knowingly;

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

7

(g) Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(h) Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(i) Whether the Defendants should be enjoined from faxing advertisements in the future;

(j) Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(k) Whether the Court should award treble damages.

32. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar faxes as the faxes sent by or on behalf of the Defendants advertising products, goods, and services of the Defendants during the class period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendants have acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

33. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

34. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

8

(b) Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

(c) Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proof; and

(e) This case is inherently manageable as a class action in that:

(i) The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proof;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq.***

35. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

9

advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

36. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

37. **Opt-Out Notice Requirements.** The TCPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in section (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

> A. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;
>
> B. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";
>
> C. a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines; and
>
> D. The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from section (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from section (b)(D)(ii) of the Act and the rules and regulations of the FCC in ¶ 31 of its 2006 Report and Order (*In re Rules & Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

10

requirements of (3) above are contained in section (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via section (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses giving them the right, and means, to stop unwanted fax advertisements.

38. **2006 FCC Report and Order.** The TCPA, in section (b)(2) of the Act, directed the FCC to implement regulations regarding the TCPA, including the TCPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

> A. The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under section (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);
>
> B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under section (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);
>
> C. The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under section (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements cannot claim the exemption from liability contained in section (b)(1)(C) of the Act.

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

39. **The Fax.** Defendants sent the advertisement on or about August 22, 2018, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Class. The Fax constituted an advertisement under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express invitation or permission and Defendants are precluded from asserting that Defendants had an established business relationship with Plaintiff and other members of the class because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the TCPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class. Plaintiff seeks to certify a class which includes this fax and all others sent during the four years prior to the filing of this case through the present.

40. **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Class Action Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Class other faxes that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission and without complying with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

41. The TCPA provides a private right of action to bring this action on behalf of Plaintiff and the Class to redress Defendants' violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

42. The TCPA is a strict liability statute, so the Defendants are liable to Plaintiff and

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

the other class members even if their actions were only negligent.

43.     Defendants knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' products, goods or services; (b) Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted advertisements; (d) the Faxes did not contain the required Opt-Out Notice.

44.     The Defendants' actions injured Plaintiff and the other class members. Receiving the Defendants' junk faxes caused Plaintiff and the other recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes occupied Plaintiff's and the other class members' telephone lines and fax machines. The Defendants' faxes cost Plaintiff and the other class members time, as Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on Plaintiff's and the other class members' business or personal activities. The Defendants' faxes unlawfully interrupted Plaintiff's and other class members' privacy interests in being left alone.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sarbjit Dhesi, DC, QME, ACTAR, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants Optum, Inc., OptumRx Administrative Services, LLC, Avella of Deer Valley, Inc., BriovaRx Specialty, LLC, and BriovaRx Infusion Services, Inc., jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C.     That the Court enjoin the Defendants from additional violations; and

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

Dated: June 6, 2019  By:  */s/ Willem F. Jonckheer*
ROBERT C. SCHUBERT (S.B.N. 62684)
rschubert@sjk.law
WILLEM F. JONCKHEER (S.B.N. 178748)
wjonckheer@sjk.law
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:   (415) 788-4220
Fax:              (415) 788-0161

*Local Counsel for Plaintiff*

*/s/ Ryan M. Kelly*
RYAN M. KELLY (*pro hac vice admitted*)
rkelly@andersonwanca.com
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois 60008
Telephone:   (847) 368-1500
Fax:              (847) 368-1501

*Counsel for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:18-cv-06476-JD

14